THE STATE OF NEW JERSEY, EX REL. JOHN COLFER ET AL., PROSECUTORS, v. THOMAS KENNEDY ET AL., DEFENDANTS.

Argued October term, 1928—Decided December 20, 1928.

Before Justices MINTURN, BLACK and CAMPBELL.

For the prosecutors, *Charles H. Roemer.*

For the defendants, *James J. Murner.*

PER CURIAM.

This writ of *certiorari* brings up for review the action of the Passaic board of taxation in striking from the assessment list submitted by the Paterson commissioners of taxes and assessments, such assessments as were made upon motor vehicles within the provisions of the 1927 amendment (*Pamph. L.* 1927, *p.* 90) to the General Tax law, exempting from taxation "all motor vehicles registered by the motor vehicle department of the State of New Jersey, and upon which registration fees have been paid," &c.

The prosecutors contend that the amendment is violative of the constitutional provision that "property shall be as-

sessed for taxes under general laws and by uniform rules, according to its true value."

The general rule governing such a situation has been laid down as follows: "By a number of decisions it has been held not only that this constitutional provision does not require that all property shall be taxed, but also that the legislature may select certain classes of property for taxation, or may exempt certain classes of property from taxation, provided in each case the legislative object be accomplished by general laws that are uniform as to all of the class." *Tippett* v. *McGrath, Collector, &c.,* 70 *N. J. L.* 110; *affirmed,* 71 *Id.* 338.

In the case of *Tippett* v. *McGrath, ubi supra,* the following language is used: "The decisions construing this constitutional provision, in so far as they have sanctioned classifications as the basis of legislation either for taxation or exemption, have done so upon the express ground that such classifications were based upon features that inhered in the property itself, or in the purposes to which it or its usufruct was devoted." Page 113.

In the case of *Central Railroad Co.* v. *Board of Taxation,* 75 *N. J. L.* 120, Mr. Justice Pitney observed: "The constitutional provision is satisfied by a uniformity that obtains without discrimination throughout a class of property set apart on reasonable grounds for separate treatment."

So, it has been observed, "what classes of property shall be taxed and what shall be exempted, except as restricted by the constitution, is a question that rests within the discretion of the legislature. It is within the legislative authority to exempt from other forms of taxation property which pays a specific tax, whether or not the tax is levied on the property itself or on the right to use it in a certain way." *Jasnowski* v. *Board of Assessors,* 191 *Mich.* 287; 157 *N. W. Rep.* 891; *Comas Stage Co.* v. *Kozer,* 104 Ore. 600; 209 *Pac. Rep.* 95.

There were reasonable grounds in the legislative mind for creating a separate class of motor vehicles, causing them to be registered and pay a license fee, and exempting them from an *ad valorem* tax. Such automobiles, it is to be observed, were not only subjected to a privilege or exceptional tax

peculiar to their status or use, but for their operation required the use of gasoline, upon which the legislature had imposed a sales tax. A case which is of recent origin and very informative upon this phase of taxation is *Salem Co.* v. *State Board,* 97 *N. J. L.* 386; *affirmed,* 98 *Id.* 570.

The result of our consideration of the entire subject-matter is that the writ of *certiorari* should be dismissed.